# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| **SHAMSIDDEEN HATCHER,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.: 3:17-cv-00200** |
| | ) | **REEVES/SHIRLEY** |
| **TENNESSEE DEPARTMENT OF** | ) | |
| **CORRECTIONS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. The Court previously granted

Plaintiff's motion for leave to proceed *in forma pauperis*, separated the complaints filed as one

document in this case into three separate actions, and held that this action would proceed only as

---

[1] Plaintiff is well-known to this District as a prolific filer of § 1983 lawsuits. While incarcerated, Plaintiff filed approximately twenty-five lawsuits in this District, almost all of which have been dismissed for failure to state a claim and/or under the three strikes provision of 42 U.S.C. § 1915(g). At one point, due to the number of motions and lawsuits filed by Plaintiff and the abusive nature thereof, District Judge J. Ronnie Greer instructed the Clerk not to file motions or cases sent by Plaintiff, but rather to return them to Plaintiff. *See, e.g., Hatcher v. Sullivan County, et. al*, Civil Case No. 2:14-CV-35, Docket No. 1 p. 1 (E.D. Tenn., order filed Feb. 11, 2015).

It appears, however, that Plaintiff's release from the prison system has not dampened his enthusiasm for filing lawsuits in this District based on his prison experiences, as he has resumed filing such complaints upon his release.

Plaintiff is hereby **NOTIFIED**, however, that, should he continue filing time-barred, frivolous, and/or otherwise abusive motions or lawsuits, the Court may exercise its discretion to impose monetary sanctions and/or bar Plaintiff from filing lawsuits absent a showing that the proposed lawsuit is not frivolous or vexatious. *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) (affirming district court's imposition of monetary sanctions on a plaintiff who had filed repetitive frivolous and vexatious lawsuits and finding that it is permissible for a district court to require a plaintiff who has abused the legal process to make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed); *In re McDonald*, 489 U.S. 180, 184 (1989) (holding that "every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual processing of petitioner's frivolous [lawsuits] does not promote that end").

to the first complaint therein, specifically the first three pages of the complaint filed by Plaintiff

[Doc. 4]. For the reasons set forth below, however, no process shall issue and this action will be

**DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

## I. SCREENING STANDARD

District courts shall, at any time, *sua sponte* dismiss any claims filed *in forma pauperis* that

are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.

*See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B)  The dismissal standard articulated by the Supreme Court in

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007)

"governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B] because the

relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468,

470–71 (6th Cir. 2010). Thus, to survive a review under this rule, a complaint "must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se

pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings

drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was

deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens

Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223

(6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates

a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint seeks monetary and declaratory relief and a class action injunction

based upon allegations that, prior to his transfer from Sullivan County Jail to Bledsoe County

Correctional Complex ("BCCX") on December 14, 2015, Sheriff's deputies unreasonably assaulted him twice [Doc. 1 p. 1–3]. Plaintiff states that when he arrived at BCCX, he reported these assaults to prison officials and that he also reported the assaults to mental health staff on or about December 22, 2015 [*Id.* at 2]. Plaintiff complains, however, that Defendant Tennessee Department of Correction ("TDOC") did not permit Plaintiff to file criminal charges despite Plaintiff filing multiple grievances, making verbal complaints, and sending a letter to the Defendant TDOC's main building in Nashville [*Id.* at 2]. Thus, Plaintiff states that he "fears" that Defendant TDOC has a policy of ignoring complaints from incoming prisoners who have been assaulted and/or sexually assaulted [*Id.* at 2].

## III.    LEGAL ANALYSIS

First, Plaintiff alleges that he was assaulted and transferred in December 2015, that he reported that assault to TDOC officials and others immediately or soon after his transfer, and that he continued to protest his inability to file criminal charges. Plaintiff's complaint, however, was not filed until April 14, 2017. Thus, Plaintiff's claims are time-barred. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012) (holding that, in Tennessee, a one-year statute of limitations is applicable to § 1983 actions); *see also* Tenn. Code Ann. § 28-3-104(a)(3).

Even if Plaintiff had timely claims arising out of the alleged incidents underlying his complaint, however, Plaintiff alleges only that Defendant TDOC denied Plaintiff the opportunity to file criminal charges against the individuals who assaulted him and Plaintiff "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Further, Plaintiff has only sued Defendant TDOC, and the Eleventh Amendment provides the State of Tennessee with immunity from § 1983 claims. *Rodgers v. Mich. Dep't of Corrections*, 29 Fed. App'x 259, 260 (6th Cir. 2002). This immunity extends to state

governmental agencies, as they are "arms" of the state. *Dubuc v. Mich. Bd. Of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003).

Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 and this action will be **DISMISSED**.

### IV.     CONCLUSION

For the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 and this action will therefore be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

**E N T E R :**

_____
**UNITED STATES DISTRICT JUDGE**